PER CURIAM.
The question presented is whether medical malpractice defendants who have asserted the defense of governmental immunity must nonetheless file an affidavit of meritorious defense pursuant to MCL 600.2912e. Because governmental immunity is a complete defense to such a suit, we hold that where a plaintiff has otherwise failed to overcome the barrier of governmental immunity, such defendants are relieved from the burden of filing an affidavit of meritorious defense.
I. BACKGROUND
Plaintiff Richard Costa,[1] in the city of Taylor for a business meeting, was knocked unconscious when he was punched in the face by a coworker and struck his head on the pavement. Defendants Donald Farenger and Lisa M. Schultz arrived on the scene on behalf of the city of Taylor Fire Department emergency medical service, and defendants Dave Henshaw and Scott Meister arrived on the scene on behalf of defendant Community Emergency Medical Services, Inc. These emergency responders revived plaintiff and attempted to determine his level of consciousness and mental capacity. While plaintiff was able to recall his name, his location, and the nature of his visit to Taylor, he was unable to recall the altercation with his coworker and had difficulty walking unassisted. However, after he *407 correctly answered a series of questions, defendants concluded that he was competent to refuse medical treatment. Plaintiff signed a form refusing medical treatment and returned to his hotel with the assistance of his coworker. Unfortunately, medical personnel had to be summoned again the next morning, when the coworker was unable to awaken plaintiff. Plaintiff had to undergo an emergency craniotonomy to treat an epidural hematoma. Plaintiff alleges that as a result of that hematoma, he has lost the visión in one eye and suffers from various ongoing cognitive impairments.
Plaintiff filed the instant medical malpractice action, alleging that defendants failed to provide proper treatment at the scene of the assault. Defendants Farenger and Schultz filed motions for summary disposition, asserting that under the governmental immunity act, MCL 691.1407, they were immune because they were not grossly negligent and their conduct was not “the proximate cause” of plaintiffs injury. The remaining defendants sought summary disposition under the emergency medical services act, MCL 333.20965(1), claiming that they were not grossly negligent. Plaintiff also filed a motion for summary disposition or a default judgment, based on the failure of Farenger and Schultz to file timely affidavits of meritorious defense under MCL 600.2912e. The trial court denied each motion, but allowed Farenger and Schultz to file appropriate affidavits within 30 days. The trial court failed to stay proceedings while defendants pursued an appeal of right, as required by MCR 7.209(E)(4). That rule provides that if a governmental party files a claim of appeal from an order denying governmental immunity, “the trial court shall stay proceedings regarding that party during the pendency of the appeal, unless the Court of Appeals directs otherwise.”
*408 The Court of Appeals, affirming in part and reversing in part, reversed the order of the trial court regarding defendants’ motion for summary disposition, ruling that plaintiff had not shown gross negligence, and also indicating that plaintiff was not entitled to a default judgment against Farenger and Schultz on the affidavit issue. Costa v Community Emergency Medical Services, Inc, 263 Mich App 572; 692 NW2d 712 (2004).
We granted oral argument on the applications for leave to appeal and to cross-appeal, directing the parties to include among the issues to be addressed at oral argument:
(1) whether among the remedies against a party who fails to file an affidavit of meritorious defense, as required by MCL 600.2912e, is a default, and under what circumstances, if any, is such a remedy mandatory; and (2) the effect, if any, that reliance on the defense of governmental immunity has on the obligation to file an affidavit of meritorious defense under MCL 600.2912e. [Costa v Community Emergency Medical Services, Inc, 473 Mich 877 (2005).]
Because the answer to the second of these questions is dispositive of the issues presented in this case, we address only that question.
II. STANDARD OF REVIEW
We review de novo a trial court’s ruling on a motion for summary disposition. Maskery v Univ of Michigan Bd of Regents, 468 Mich 609, 613; 664 NW2d 165 (2003). This case involves statutory interpretation, which is a question of law that we review de novo. People v Kimble, 470 Mich 305, 308-309; 684 NW2d 669 (2004).
III. ANALYSIS
The question presented is whether MCL 600.2912e requires a defendant to file an affidavit of meritorious *409 defense, notwithstanding the fact that the defendant also asserts a claim of governmental immunity under the government tort liability act (GTLA), MCL 691.1407(2). MCL 600.2912e(l) provides, in pertinent part:
In an action alleging medical malpractice ... the defendant or, if the defendant is represented by an attorney, the defendant’s attorney shall file, not later than 91 days after the plaintiff or the plaintiffs attorney files the affidavit [of merit], an affidavit of meritorious defense signed by a health professional... .[Emphasis added.]
The Legislature’s use of the word “shall” in a statute generally “indicates a mandatory and imperative directive.” Burton v Reed City Hosp Corp, 471 Mich 745, 752; 691 NW2d 424 (2005). As such, the statute suggests that a medical malpractice defendant is obligated to file an affidavit of meritorious defense.
However, MCL 691.1407(2) provides that a governmental employee is “immune from tort liability” if all the following conditions are met:
(a) The officer, employee, member, or volunteer is acting or reasonably believes he or she is acting within the scope of his or her authority.
(b) The governmental agency is engaged in the exercise or discharge of a governmental function.
(c) The officer’s, employee’s, member’s, or volunteer’s conduct does not amount to gross negligence that is the proximate cause of the injury or damage.
We have never specifically addressed the applicability of MCL 600.2912e to defendants who are governmental employees. However, we have repeatedly observed that governmental immunity legislation “ ‘evidences a clear legislative judgment that public and private tortfeasors should be treated differently.’ ” Robinson v Detroit, 462 *410 Mich 439, 459; 613 NW2d 307 (2000) (citation omitted). We have also observed that a “central purpose” of governmental immunity is “to prevent a drain on the state’s financial resources, by avoiding even the expense of having to contest on the merits any claim barred by governmental immunity.” Mack v Detroit, 467 Mich 186, 203 n 18; 649 NW2d 47 (2002).
We believe that the expense and burden of obtaining an expert to prepare an affidavit of meritorious defense fall squarely within this purpose. It would be incongruous to conclude that the failure to comply with a pleading requirement of this nature would subject a defendant to tort liability, where such a defendant is already immune from tort liability by virtue of his or her status as a governmental employee. Allowing governmental employee defendants to raise an immunity defense while simultaneously requiring that they disrupt their duties and expend time and taxpayer resources to prepare an unnecessary affidavit of meritorious defense, would render illusory the immunity afforded by the GTLA.[2]
*411 Moreover, we note that the affidavit required by MCL 600.2912e must address whether the medical malpractice defendant complied with the applicable medical “standard of practice or care.”[3] A claim that a defendant has violated an applicable standard of practice or care sounds in ordinary negligence. However, the plain language of the governmental immunity statute indicates that the Legislature limited governmental employee liability to “gross negligence”— situations in which the contested conduct was substantially more than negligent. “Gross negligence” is defined by the GTLA as “conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results.” MCL *412 691.1407(7)(a). Thus, MCL 600.2912e permits the assertion of a violation of the standard of care of ordinary negligence, which is a distinct and lesser standard of care than the gross negligence standard set forth in the GTLA. As such, even if a plaintiff could show that a government employee defendant’s conduct breached “the applicable standard of practice or care,” such a showing would not be sufficient to impose liability upon the employee. Rather, such a plaintiff would still have to make the additional showing that the employee’s conduct amounted to “gross negligence” that was “the proximate cause” of the injury. Because the affidavit only requires a plaintiff to address the irrelevant question of ordinary negligence, and not the ultimate question of gross negligence, we conclude that the Legislature could not have intended that a governmental employee’s failure to timely comply with the affidavit of merit requirements would deprive that employee of governmental immunity from tort liability.[4]
Because governmental employees are immune from breaches of the standard of ordinary care, the affidavit of merit requirements of MCL 600.2912e are not rel *413 evant to a defendant otherwise entitled to governmental immunity, and we therefore conclude that such a defendant may not lose the benefit of that immunity merely by failing to timely file the affidavit of meritorious defense.[5]
However, our opinion today should not be read to suggest that the mere assertion of a governmental immunity defense forever precludes the defendant making that assertion from the obligation to file the affidavit required by MCL 600.2912e. Where it has been determined that a defendant claiming governmental immunity is not entitled to immunity under MCL 691.1407(2), the defendant would, of course, then be obligated to comply with the same requirements as any other private tortfeasor. Yet, because of the 91-day filing requirement contained in MCL 600.2912e, a ruling against the defendant on the immunity issue coming after 91 days would arguably prejudice the ability of a defendant to comply with MCL 600.2912e.
Under MCR 7.202(6)(v), an “order denying governmental immunity to a governmental party, including a governmental agency, official, or employee” is a “final order,” from which an immediate appeal of right may be taken. Moreover, MCR 7.209(E)(4) provides that when a governmental party takes such an appeal, “the trial court shall stay proceedings regarding that party during *414 the pendency of the appeal, unless the Court of Appeals directs otherwise.”
In light of our interpretation today of the relevant statutes, and in view of these court rules, we hold that where a defendant has asserted the defense of governmental immunity, that defendant is not obligated to comply with the affidavit of meritorious defense requirement of MCL 600.2912e, unless an order has been entered denying governmental immunity to the defendant.[6] Where such an order has been entered, the defendant’s obligation to comply with the requirements of MCL 600.2912e will be stayed during the pendency of the appeal of that order.
IV CONCLUSION
Because governmental immunity provides a complete defense from tort liability for governmental employees, a governmental employee who satisfies the requirements of MCL 691.1407(2) is not required to file an affidavit of meritorious defense under MCL 600.2912e where such an employee is a defendant in a medical malpractice action. Moreover, where a governmental employee has invoked the defense of governmental immunity, but a trial court enters an order denying immunity to that employee, the requirements of MCL 600.2912e shall be stayed during the pendency of any appeal on that issue.
We therefore affirm that part of the judgment of the Court of Appeals that reversed the trial court’s order denying defendants’ motion for summary disposition. *415 Accordingly, we remand this case to the Wayne Circuit Court for the entry of an order granting summary disposition to defendants.
TAYLOR, C.J., and WEAVER, CORRIGAN, YOUNG, and MARKMAN, JJ., concurred.

 Because plaintiff Cindy Costa’s claims are derivative of the injuries suffered by her husband, Richard, we will refer to Richard Costa as the singular “plaintiff.”

 The dissent is quick to point out that the word “shall,” as used in MCL 600.2912e, indicates a mandatory directive. Post at 420. However, the dissent fails to explain why the Legislature’s directive in MCL 691.1407(2), that a governmental employee “is immune” from liability, is not equally mandatory. The dissent offers no explanation regarding why the Legislature’s determination that something “shall” be is more imperative than its determination that something “is.” This case would be a much easier one if there were not these apparently conflicting provisions.
Governmental immunity is “a characteristic of government” that was historically recognized at common law until it was abrogated by this Court in Williams v Detroit, 364 Mich 231; 111 NW2d 1 (1961). Mack, supra at 202. The Legislature reinstituted and preserved this characteristic when it enacted the GTLA. Id. Therefore, the primacy of governmental immunity in this case is reinforced by “the sequence of the judicial and legislative events” forming the backdrop of the GTLA. Id. Moreover, Black’s Law Dictionary (6th ed) defines “immunity” as “[e]x *411 emption, as from serving in an office, or performing duties which the law generally requires other citizens to perform." (Emphasis added.) Thus, in enacting MCL 691.1407(2), the Legislature singled out governmental employees and exempted them from performing at least some duties that the law generally requires other citizens to perform. In light of this, the dissent’s suggestion that “[n]othing in the [GTLA] or the medical malpractice act... excuses these defendants” from filing an affidavit of meritorious defense, post at 415, is unpersuasive. While the medical malpractice act itself does not specifically state that the Legislature intended to treat governmental employees differently, when that act is read, as it must be, in conjunction with the GTLA’s directive that governmental employees are immune, such a conclusion becomes clear.

 MCL 600.2912e(l)(b) to (d) provide that an affidavit of meritorious defense must provide:
(b) The standard of practice or care that the health professional or health facility named as a defendant in the complaint claims to be applicable to the action and that the health professional or health facility complied with that standard.
(c) The manner in which it is claimed by the health professional or health facility named as a defendant in the complaint that there was compliance with the applicable standard of practice or care.
(d) The manner in which the health professional or health facility named as a defendant in the complaint contends that the alleged injury or alleged damage to the plaintiff is not related to the care and treatment rendered.

 The dissent misinterprets the requirements of the affidavit of meritorious defense statute, MCL 600.2912e, by conflating the elements of duty and breach in a negligence action. The “standard of practice or care... applicable to the action” addresses defendants’ duty. Defendants’ affiant must identify the specific conduct a reasonable health professional or health facility would undertake under the particular circumstances presented in that case and whether defendants complied with that standard. The dissent believes that the affiant is required to make a legal determination as to whether defendants breached their duty by acting with gross negligence. However, nothing in MCL 600.2912e compels the affidavit of meritorious defense to address whether defendants acted with gross negligence in breaching their duty. Therefore, we reject the dissent’s argument that MCL 600.2912e proves that the Legislature intended the affidavit of merit requirement to take priority over the defense of governmental immunity.

 In addition, we note that under the Michigan Court Rules, entry of a default would not be permitted under the instant circumstances. MCR 2.603(A)(1) provides: “If a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, and that fact is made to appear by affidavit or otherwise, the clerk must enter the default of that party.” (Emphasis added.) Defendants here did not fail to defend; rather, defendants asserted the complete defense of governmental immunity in their answer. As such, the provisions of the court rule pertaining to the entry of default are, by their own language, inapplicable.

 Contrary to the dissent’s suggestion, post at 421 n 5, this opinion does not implicate the “absurd results” rule for there is nothing herein that reaches a result that we view to be contrary to the actual language of the law. Rather, we are simply attempting to reasonably accommodate the provisions of MCL 600.2912e and MCL 691.1407(2).