KELLY, J.
{concurring in part and dissenting in part). Consistent with this Court’s unfortunate decision in Mack v Detroit,[1] the doctrine of governmental immunity bars plaintiffs cause of action here. Hence, no useful purpose is served by interpreting MCL 15.602 or deciding whether a private cause of action exists under the statute. The majority’s discussion of these two issues is only dictum.
*199 However, because the majority chooses to discuss these two issues, I will respond. First, I agree that the 20-mile distance permitted in MCL 15.602 is to be measured in radial miles as opposed to road miles. Also, but for Mack, I believe that a private cause of action under the statute would be available to plaintiff because of defendant’s violation of MCL 15.602.
APPLICATION OF MACA AND THE DOCTRINE OF GOVERNMENTAL IMMUNITY
In Mack, this Court held that governmental immunity is a characteristic of government. Mack v Detroit, 467 Mich 186, 190; 649 NW2d 47 (2002). It is no longer an affirmative defense. The party seeking to impose liability on a governmental agency has the burden of pleading in avoidance of governmental immunity. Id. at 198. This Court also held in Mack that, without “express legislative authorization,” a cause of action cannot be created “in contravention of the broad scope of governmental immunity.” Id. at 196. The “presumption [under the governmental tort liability act (GTLA)[2] is, therefore, that a governmental agency is immune and can only be subject to suit if a plaintiffs case falls within a statutory exception.” Id. at 201 (emphasis in original).
Following the rationale of Mack, the majority’s holding that governmental immunity applies in this case is correct. As the majority notes, political subdivisions such as defendant enjoy immunity from tort liability under the GTLA.[3] And none of the six discrete *200 areas[4] in which the GTLA permits a cause of action to be brought applies in this case. Moreover, there is no express authorization permitting a private cause of action against a public employer for violation of MCL 15.602(2). Therefore, under the rationale in Mack, governmental immunity applies to bar plaintiffs action.
Whenever governmental immunity applies, in accordance with Mack, a plaintiff must plead in avoidance of governmental immunity. Mack, supra at 198. In this case, plaintiff did not mention the doctrine in his pleadings or at any point in these proceedings.
Accordingly, it is of no legal consequence whether the residency requirement violated MCL 15.602 or whether the statute implies a private cause of action. However, the majority avoids acknowledging the dominant effect that governmental immunity has on this case and instead purports to hold, in addition, that (1) defendant’s residency requirement contravenes MCL 15.602(2) and (2) plaintiff may not maintain a private cause of action for money damages for a violation of the statute. In my view, since the presumption of governmental immunity was never rebutted, it remains and utterly governs the case. The majority’s conclusions on other issues is nothing but dicta.[5]
*201 GOVERNMENTAL IMMUNITY AS AN APPELLATE PARACHUTE
Long ago, governmental immunity was viewed as a characteristic of government. Mack, supra at 222 (CAVANAGH, J., dissenting). However, this view changed once the Legislature codified the common-law doctrine of governmental immunity. Id. at 220. Because the Legislature created no presumption favoring blanket governmental immunity, the existence of immunity had to be raised by the party seeking to benefit from it. Id. Using that reasoning, Justice CAVANAGH concluded in his dissent in Mack that governmental immunity is an affirmative defense. Id. I continue to support Justice CAVANAGH’s dissent. I continue to believe that the better view is that governmental immunity is an affirmative defense and that the government still bears the burden of raising and proving it.
In this case, defendant listed governmental immunity as an affirmative defense in its first responsive pleading. However, it never mentioned it again until this Court asked about it. Apparently, because defendant did not mention the issue in its motion for summary disposition, the trial court did not address whether it applied. Because defendant did not mention the issue in the Court of Appeals, that Court did not address whether it applied.[6]
*202 Similarly, defendant did not raise the issue before this Court in its application for leave to appeal.[7] In granting leave to appeal, this Court did not order the parties to address the issue. See 477 Mich 920 (2006). Indeed, the first time the parties[8] clearly addressed the issue of governmental immunity was at oral argument before this Court when Chief Justice TAYLOR raised it sua sponte.[9]
Defendant ignored governmental immunity in this case until the eleventh hour. It should not be able to ignore the doctrine in the trial court and the Court of Appeals, then rely on it at the last minute before this Court. This Court should amend its holding in Mack to discourage a defendant from using governmental immunity as an appellate parachute.
*203 THE AVAILABILITY OF A PRIVATE CAUSE OF ACTION
I disagree with the majority’s dictum that no private cause of action is available to plaintiff. In Pompey v Gen Motors Corp,[10] this Court summarized the rules of statutory interpretation that should be followed when determining whether an implied private cause of action exists to remedy a statutory violation. We observed that
[t]he general rule, in which Michigan is aligned with a strong majority of jurisdictions, is that where a new right is created or a new duty is imposed by statute, the remedy provided for enforcement of that right by the statute for its violation and nonperformance is exclusive. [Pompey v Gen Motors Corp, 385 Mich 537, 552; 189 NW2d 243 (1971).]
Significantly, the Pompey Court also noted two important exceptions to this rule:
In the absence of a pre-existent common-law remedy, the statutory remedy is not deemed exclusive if such remedy is plainly inadequate... or unless a contrary intent clearly appears.... [Id. at 553 n 14 (citations omitted).][11]
In this case, it is undisputed that no common-law right to relief exists and MCL 15.602 does not explicitly provide a cause of action for the enforcement of its provisions. However, using the test set forth in Pompey, I would find that the statute implies the availability of a private cause of action.
MCL 15.602 creates a new right in a particular class of persons. An employee has the right not to be required by his or her employer to reside within a specific *204 geographic area, distance, or travel time from his or her place of employment. MCL 15.602(1). The legislative history of the statute supports the fact that the statute creates the right for an employee to be free from overly restrictive residency requirements imposed by his or her employer. The Senate Fiscal Agency bill analysis, in explaining the rationale behind the act, stated:
Some people believe that these [residency] requirements unfairly infringe on what they believe is the right of the employee, as a citizen, to determine where he or she will live. It was proposed, therefore, that a State statute should prohibit the imposition of strict residency requirements on public employees, but allow local units of government to continue to require residency within a certain proximity. [Senate Fiscal Agency Analysis, SB 198, January 10, 2000.]
The bill analysis suggests that the statute was intended to balance the employer’s desire for reasonable residency requirements against the employee’s right to be free from unduly strict residency requirements.
When the Legislature creates a right in a statute, it must have intended that a remedy exist for a violation of the statute. However, MCL 15.602 does not contain an express remedy for its violation. The majority claims that plaintiff could enforce the statute by seeking injunctive relief pursuant to MCR 3.310 or declaratory relief pursuant to MCR 2.605(A)(1). Although such equitable remedies are available, they may often be impractical in cases such as the one before us. For example, although a court may grant injunctive relief, all too frequently a plaintiff would not learn of the statutory violation until the job opening had been filled or eliminated. No action by the employer would remain to be enjoined. Injunctive relief would be useful, if at all, mostly for future applicants and would not assist the plaintiff.
*205 Similar problems exist should a plaintiff bring a declaratory judgment action. It would be of no help to plaintiff in the instant case for a court to make a declaration that defendant’s residency requirement is illegal. By the time the decision was issued, the job vacancy that plaintiff sought to fill would have been filled. Accordingly, the Legislature must have intended to allow a private cause of action that includes monetary damages for an aggrieved person in response to a violation of MCL 15.602.
CONCLUSION
I agree with the majority’s holding that, pursuant to Mack, governmental immunity bars plaintiffs action. However, because governmental immunity applies, the majority’s discussion of whether the residency requirement violates MCL 15.602(2) and whether a private cause of action exists is nothing more than dictum.
Were it not for the holding in Mack, which I continue to find badly flawed, I would hold that MCL 15.602 implies a private cause of action. Also, I would hold that the 20-mile distance permitted in MCL 15.602 should be measured in radial as opposed to road miles. Finally, but for Mack, I would hold that defendant abandoned the defense of governmental immunity.

 467 Mich 186; 649 NW2d 47 (2002). I continue to agree with the dissent in Mach, with which I concurred. See also Costa v Community Emergency Medical Services, Inc, 475 Mich 403, 417-420; 716 NW2d 236 (2006) (Kelly, J., dissenting) (recognizing that the holding in Mack constitutes binding precedent but reiterating disagreement with the majority’s resolution of that case).

 MCL 691.1401 et seq.

 MCL 691.1407(1) states: “Except as otherwise provided in this act, a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function.” MCL 691.1401(d) defines “governmental agency” as “the state or a political subdivision.” Therefore, defendant city of Traverse City is a *200 governmental agency for purposes of governmental immunity. As this Court recognized in Mack, the management, operation, and control of a police department is a governmental function. Mack, supra at 204.

 See MCL 691.1402 (highway exception), MCL 691.1405 (motor vehicle exception), MCL 691.1406 (public building exception), MCL 691.1407(4) (governmental hospital exception), MCL 691.1413 (proprietary function exception), and MCL 691.1417 (sewage system exception).

 The majority never explains why “it is imperative to first determine whether a violation [of MCL 15.602(2)] exists____” Ante at 191 n 16. Regardless of whether a violation exists, governmental immunity bars *201 plaintiffs cause of action. Only if and when plaintiff sought injunctive or declaratory judgment relief would a court need to decide whether defendant violated MCL 15.602(2).

 Neither the questions presented by plaintiff nor the counter-questions presented by defendant in the Court of Appeals concerned the issue of governmental immunity. The Court of Appeals has repeatedly stated that a party abandons an issue by failing to specifically raise it in the statement of questions presented. Ypsilanti Fire Marshal v Kircher (On Reconsideration), 273 Mich App 496, 553; 730 NW2d 481 (2007), citing MCR 7.212(C)(5).

 Defendant did not explicitly address the issue of governmental immunity-before this Court. Rather, in its brief before the Court of Appeals and this Court, defendant simply stated, “If the Legislature wanted to lift immunity, MCL 691.1407 et seq., and create a private cause of action, surely it would have said so.” Other than a cursory citation of the GTLA, defendant did not attempt to argue that the act applied. Taken in context, defendant’s citation of the GTLA was not in reference to any assertion that governmental immunity applies. Rather, it was in reference to the fact that there is no private cause of action. Therefore, neither of the parties raised the issue of governmental immunify before oral argument.

 Although the issue of governmental immunity was raised in an amicus curiae brief, the parties did not raise the issue.

 I would note that the procedural history regarding the issue of governmental immunity in this case is similar to that in Mack. There, the defendant city raised governmental immunity as a defense in the trial court, but failed to argue the issue in the Court of Appeals or in this Court. Mack, supra at 197 n 13. It was not until oral argument in Mack that the issue of governmental immunity was discussed. Id. at 226 n 2 (Weaver, J., dissenting). So, just as the parties in this case neither briefed nor discussed whether governmental immunity applies, similarly, in Mack, none of the parties discussed or briefed the issue. In Mack, Justice WEAVER and Justice CAVANAGH strongly objected to other justices’ sua sponte raising and relying on governmental immunity. Their concerns echo in the instant case as well.

 385 Mich 537; 189 NW2d 243 (1971).

 In Mach, this Court concluded that Pompey was applicable to claims involving private actors as opposed to public actors. Mack, supra at 193 n 5. I continue to voice my disagreement with the decision. My analysis indicates how I would remedy the violation in this case.