# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 11, 2008

133433

AMANDA  JEAN ODOM,
   Plaintiff-Appellee,

v

WAYNE COUNTY and CITY OF DETROIT,
   Defendants,

and

CHRISTINE KELLY,
   Defendant-Appellant.

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 133433
COA: 270501
Wayne CC: 05-503671-NI

_____/

On order of the Court, the application for leave to appeal the February 1, 2007 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court prior to the completion of the proceedings ordered by the Court of Appeals.

CAVANAGH and WEAVER, JJ., would grant leave to appeal.

MARKMAN, J., dissents and states as follows:

The defendant police officer has several years of experience in arresting prostitutes.  She suspected plaintiff of being a prostitute because of the way she was walking back and forth on the street and making eye contact with drivers in an area known for prostitution.  Defendant eventually saw plaintiff get into a vehicle.  She followed the vehicle, stopped it, and arrested plaintiff for disorderly conduct.  In my judgment, defendant appears to have conducted herself in a conscientious and responsible manner.  However, when the charges were subsequently dismissed, plaintiff sued defendant for false imprisonment and malicious prosecution.  The trial court denied defendant's motion for summary disposition, and the Court of Appeals affirmed.

MCL 691.1407 provides, in pertinent part:

(2) [E]ach officer and employee of a governmental agency . . . is immune from tort liability for an injury to a person or damage to property caused by the officer, employee, or member while in the course of employment or service . . . if all of the following are met:

> (a) The officer, employee, member, or volunteer is acting or reasonably believes he or she is acting within the scope of his or her authority.

> (b) The governmental agency is engaged in the exercise or discharge of a governmental function.

> (c) The officer's, employee's, member's, or volunteer's conduct does not amount to *gross negligence* that is the proximate cause of the injury or damage.

(3) Subsection (2) does not alter the law of intentional torts as it existed before July 7, 1986. [Emphasis supplied.]

Plaintiff's complaint does not allege that defendant was grossly negligent. The trial court held that "[t]his does not amount to a claim of an intentional act" and that the issue was whether defendant was grossly negligent, defining this in terms of whether defendant had "probable cause" to arrest plaintiff. The Court of Appeals held that a question of fact existed regarding whether defendant acted in an "objectively reasonable" manner. Defendant now argues that imposing liability for "unreasonable" conduct contravenes the Legislature's grant of governmental immunity.

In *Stewart v Haan,* unpublished opinion per curiam of the Court of Appeals, issued September 25, 1998 (Docket No. 201250), slip op at 2, the Court of Appeals stated that "[t]he law of governmental immunity and alleged intentional torts by government agents is beset by confusion." As that Court explained,

> [t]he governmental immunity statute provides an exception for gross negligence. MCL 691.1407(2); MSA 3996(107)(2). The statute also contains the cryptic provision that "[s]ubsection (2) shall not be construed as altering the law of intentional torts as it existed before July 7, 1986." MCL 691.1407(3); MSA 3996(107)(3). Researching the interplay between these two provisions, we encountered two seemingly contradictory authorities on immunity for officers charged with intentional torts. *Bell v Fox*, 206 Mich App 522; 522 NW2d 869 (1994), held that officers sued for false arrest were entitled to immunity because they had acted within the scope of their authority (implicitly referring to Subsection [2]) and stated that "contrary to plaintiff's argument, there is no intentional tort exception to the doctrine of governmental immunity." *Id.* at 525. In contrast, in *Sudul v Hamtramck*, 221 Mich App 455, 482; 562 NW2d 478 (1997), this

Court held that "an individual employee's intentional torts are not shielded by our governmental statute, a proposition that too frequently is mired in confusion." *Id.* at 458. [*Id.*, slip op at 3 n 2.]

Because the law in this area is in such disarray, I would grant leave to appeal. Although this appeal is interlocutory, if defendant is entitled to immunity, she should not have to expend time and resources to defend herself. "[A] 'central purpose' of governmental immunity is 'to prevent a drain on the state's financial resources, by avoiding even the expense of having to contest on the merits any claim barred by governmental immunity.'" *Costa v Community Emergency Med Services,* 475 Mich 403, 410 (2006), quoting *Mack v Detroit*, 467 Mich 186, 203 n 18 (2002). "Allowing governmental employee defendants to raise an immunity defense while simultaneously requiring that they disrupt their duties and expend time and taxpayer resources to prepare an unnecessary affidavit of meritorious defense, would render illusory the immunity afforded by the [governmental tort liability act, MCL 691.1401 *et seq*.]." *Costa, supra* at 410.

Further, this is an issue not only of jurisprudential confusion, but also of considerable substantive significance given the potential deterrent effect of this decision on police officers undertaking legitimate arrests. Not every arrest leads to a criminal conviction, and not every arrest proves in the end to have been well-founded. The "gross negligence" standard for immunity affords a significantly greater level of protection for police officers in carrying out their responsibilities than does the "probable cause" standard of the trial court, the "objectively reasonable" standard of the Court of Appeals, or the "intentional conduct" standard. Police officers are entitled to know the standard of liability applicable to their conduct, as is the Legislature, which enacted the governmental immunity statute. If the liability of police officers is to be judged by a standard other than gross negligence, this should be made clear. It is hard to imagine a legal proposition more damaging to effective law enforcement activity than that a mistaken arrest will expose a police officer to personal civil liability. There are many things that a police officer should be evaluating when he or she makes an arrest; the threat of civil liability if he or she makes a wrong decision should not be at the top of this list.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 11, 2008

s0108

Clerk