# Order

Michigan Supreme Court
Lansing, Michigan

September 26, 2008

Rehearing No. 548

132688

MELISSA BOODT, as Personal Representative
of the Estate of David Waltz, Deceased,
      Plaintiff-Appellee/
      Cross-Appellant,

v

BORGESS MEDICAL CENTER, MICHAEL
ANDREW LAUER, M.D., and HEART CENTER
FOR EXCELLENCE, P.C.,
      Defendants-Appellants/
      Cross-Appellees,
and

MICHAEL ANDREW LAUER, M.D., P.C.,
      Defendant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 132688
COA: 266217
Kalamazoo CC: 03-000318-NH

On order of the Court, the motion for rehearing is considered, and it is DENIED.

MARKMAN, J. (*concurring*).

Although I am heartened by Justice Cavanagh's newly found receptivity to "textualism," he has, I fear, a ways to go before he fully gets the hang of it. For starters, a more seasoned "textualist" would not have overlooked the language of MCL 600.2912b(1), which states that a person "*shall not commence* an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced." (Emphasis added.) Nor would a more seasoned "textualist" have overlooked the language of MCL 600.2912b(4), which states that the "notice given to a health professional or health facility under this section *shall* contain a statement of at least *all* of the following . . . ." (Emphasis added.) Thus, a more seasoned "textualist" likely would have concluded that a plaintiff cannot commence an action

before he or she has filed a notice of intent that contains "all" the information required under § 2912b(4), and until this is done, he or she cannot file a complaint tolling the period of limitations. Moreover, such a "textualist" would also have recognized that more specific statutory provisions control over more general statutory provisions, and thus the specific requirements of § 2912b(1) regarding "commenc[ing] an action alleging medical malpractice" prevail over the general requirements of MCL 600.1901 regarding the commencing of civil actions. Such an analysis admittedly would be partially premised upon the plain language of the law, partially upon logic, and partially upon rules of interpretation dating back several centuries, but, of course, no one who is not intent on caricaturing "textualism" would doubt that all three of these considerations are among the tools of a "textualist."[1] I fully concur in this Court's order.

CAVANAGH, J. (*dissenting*).

This Court's opinion of July 2, 2008, should be reconsidered and vacated. Plaintiff argued that her notice was not deficient, but, even if it was, this case should be dismissed without prejudice. Plaintiff further argued that a refiled action would be timely because the limitations period would have been tolled during the pendency of the case. I agree.

The majority stated that "[t]his Court has already held that a defective notice of intent does not toll the period of limitations," citing *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 64 (2002) (*Roberts I*). *Boodt v Borgess Med Ctr*, 481 Mich 558, 561 (2008). But *Roberts I* is not applicable here. The applicable tolling statute in that case was MCL 600.5856(d), which stated, at the time, that presuit notice would give rise to tolling if that notice "is given in compliance with section 2912b." The statute in this case is § 5856(a), which, at the time this case was filed, did not expressly require compliance with § 2912b. Rather, the statute simply stated: "The statutes of limitations or repose are tolled: (a) At the time the complaint is filed and a copy of the summons and complaint are served on the defendant." MCL 600.5856(a). The language of § 5856(a) is unequivocal: the statute of limitations is tolled when a complaint is filed and service is effectuated. Section 5856(a) says nothing about compliance with the notice-of-intent statute.

---

[1] If by reference to a "Pavlovian concurrence" my dissenting colleague intends to characterize this statement as a predictable and expected response to a judicial display of disregard for the language of a statute, then I suppose that his is an accurate characterization.

Justice Markman's Pavlovian concurrence misses the point. The issue here is tolling. The most specific statute on this issue is § 5856, the tolling statute. The applicable section of the statute, § 5856(a), does not require compliance with § 2912b. Former § 5856(d), the statute at issue in *Roberts I*, did require compliance with § 2912b, but § 5856(d) applies "[i]f, during the applicable notice period under section 2912b, a claim would be barred by the statute of limitations or repose . . . ." That is not the case here. Plaintiff timely filed her notice of intent and her complaint.[2] Thus, § 5856(a) applies and the statute of limitations for plaintiff's action was tolled when she filed her complaint and a copy of the summons and complaint was served on defendant.

Call me a textualist if you will, but I believe this Court should hold to its policy of strict application of statutes. This Court's ruling in this case violates that policy by adding words to the statute requiring compliance with § 2912b. Section 2912b is not a tolling statute. It says nothing about whether a statute of limitations has or has not been tolled. To suggest that it does adds language to the statute. Further, the majority in this case determined that this case was never "commenced" because plaintiff failed to comply with § 2912b. But § 2912b does not dictate when an action is commenced. The statute that controls "commencement" is MCL 600.1901, which states that "[a] civil action is commenced by filing a complaint with the court."

This Court's ruling is also contrary to its reasoning in *Costa v Community Emergency Med Services, Inc,* 475 Mich 403 (2006). In that case, the defendants were governmental agencies that failed to file an affidavit of meritorious defense, as required by MCL 600.2912e(1) (which states that a defendant "shall" file such an affidavit). A majority of this Court observed that MCL 691.1407(2) states that a governmental employee *is* immune from tort liability. The majority concluded that § 1407(2) and MCL 600.2912e(1) were "equally mandatory," but MCL 691.1407(2) trumped on the basis of the verb "to be" — "a governmental employee *is* immune." Likewise, in this case, MCL 600.1901 states that a civil action *is* commenced when the complaint is filed and served on the defendant. Section 5856(a) states that statutes of limitations *are* tolled under circumstances such as those in this case. This Court should act consistently with the reasoning of *Costa* and hold that the limitations period in this case was tolled when plaintiff filed her complaint and served summons on defendant.

Finally, it is clear that the notice-of-intent statute was enacted to eliminate litigation by encouraging settlement in the presuit period. This Court's ruling will work contrary to that intent; defendants will have no incentive to negotiate before litigation

---

[2] This is the critical factual distinction between this case and *Roberts I*.

because there is always the prospect that plaintiffs' cases will be precluded by a technical error that cannot be corrected because of the running of the period of limitations. I see no logic in the majority's result that ignores the plain language MCL 600.5856(a), defeats the purpose of MCL 600.2912b, and forecloses meritorious cases without remedy on the basis of a statute that is clearly intended to apply only at the presuit stage.

WEAVER, J., would grant rehearing.

KELLY, J., would grant rehearing and would reverse this Court's opinion of July 2, 2008.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 26, 2008

_Corbin R. Davis_
Clerk

0923