DRIVER v NAINI

Docket No. 280844. Submitted May 5, 2009, at Detroit. Decided March 2, 2010, at 9:00 a.m.

Willie and Beverly Driver brought a medical malpractice action in the Wayne Circuit Court, Kathleen Macdonald, J., against Mansoor G. Naini, M.D., and Michigan Cardiology Associates, P.C. (MCA), after Willie was diagnosed with colon cancer in November 2005. Plaintiffs claimed that Dr. Naini failed to refer Willie for a colonoscopy in a timely manner. Plaintiffs sent Dr. Naini and MCA a notice of their intent to bring the action on April 25, 2006, and on October 23, 2006, filed a complaint against Dr. Naini and MCA. On January 19, 2007, Dr. Naini and MCA filed a notice of nonparty fault, naming Cardiovascular Clinical Associates, P.C. (CCA), as a defendant. On February 1, 2007, plaintiffs filed a first amended complaint that included CCA as a defendant. CCA moved for summary disposition, alleging failure to comply with the statutes concerning procedure in medical malpractice actions. The trial court denied the motion. The Court of Appeals, WILDER, P.J., and ZAHRA and K. F. KELLY, JJ., granted CCA's application for leave to appeal, limited to the issues raised in the application, in an unpublished order, entered March 21, 2008 (Docket No. 280844).

The Court of Appeals *held*:

1. November 2005 is the latest time at which the claim accrued because the colon cancer was diagnosed then. Plaintiffs, therefore, had until November 2007, at the latest, to commence an action against CCA within the two-year period of limitations.

2. A medical malpractice claimant must give to proposed defendants notice of the intent to sue at least 182 days before commencing an action. If the plaintiff gives such notice, the claimant tolls the two-year limitations period with regard to the persons who are sent the notice.

3. A plaintiff has not commenced a medical malpractice action if the plaintiff files a complaint before the notice period expired. Because plaintiffs filed their first amended complaint before the notice period expired, they did not commence a medical malpractice action against CCA. The period of limitations continued to run against CCA and plaintiffs' claims against CCA are time-barred.

4. The nonparty fault statute, MCL 600.2957(2), provides that after the initial defendants identified CCA as a nonparty potentially at fault, plaintiffs had 91 days to file and serve an amended complaint naming CCA. A cause of action filed under this subsection is not barred by a period of limitations unless the cause of action would have been barred by a period of limitations at the time of the filing of the original action. Not all of plaintiffs' claims against CCA would have been time-barred when the original complaint was filed.

5. A conflict exists because plaintiffs' claims against CCA would not be totally barred under MCL 600.2957(2), but would be totally barred under the notice of intent statute, MCL 600.2912b(1), and the statute of limitations, MCL 600.5805(6). The nonparty fault statute and the notice of intent statute are *in pari materia* and conflict, therefore, the more specific statute must control. The notice of intent statute is the more specific statute in this case. Plaintiffs' claim against CCA is barred by the statute of limitations because plaintiffs failed to comply with the notice of intent statute and did not commence an action against CCA.

6. Where claims against a professional corporation are predicated on its vicarious liability for a licensed health care provider rendering medical services, such as plaintiffs' claims against CCA, a notice of intent must be provided to the professional corporation.

7. MCL 600.2301, which allows for the amendment and disregard of "any error or defect," where the substantial rights of the parties are not affected and the cure is in furtherance of justice, does not apply here. The failure to give CCA any notice in the original notice of intent was not a mere defect in the notice subject to cure. CCA's substantial rights would be affected and any such cure would not be in the furtherance of justice. The order denying summary disposition must be reversed and the case must be remanded to the trial court for the entry of an order of summary disposition in favor of CCA.

Reversed and remanded.

1. LIMITATION OF ACTIONS — MEDICAL MALPRACTICE — NOTICE OF INTENT TO SUE.

The two-year limitations period applicable to medical malpractice actions is tolled, for a maximum of 182 days, when the plaintiff provides a valid notice of intent to bring the action before the period of limitations expires; the plaintiff must then wait for the duration of the notice of intent period before a complaint may be filed; a plaintiff has not commenced a medical malpractice action where the plaintiff files the complaint before the notice of intent period has expired (MCL 600.2912b[1], 600.5805[6], 600.5856).

2. LIMITATION OF ACTIONS — MEDICAL MALPRACTICE — NOTICE OF INTENT TO SUE — NOTICE OF NONPARTY FAULT.

> The nonparty fault statute, MCL 600.2957, and the notice of intent statute, MCL 600.2912b(1), relate to the same subject matter and are *in pari materia* for purposes of a medical malpractice action where there is a notice of nonparty fault given and a failure to wait the entire notice of intent waiting period before filing an amended complaint naming that party; the provisions of the notice of intent statute, which apply only to medical malpractice actions, control the determination whether the action is barred by the applicable statute of limitations (MCL 600.2912b[1], 600.5805[6], MCL 600.5856).

*Mark Granzotto, P.C.* (by *Mark Granzotto*), and *Erlich, Rosen & Bartnick, PC* (by *Sheldon D. Erlich*), for plaintiffs.

*Tanoury, Nauts, McKinney & Garbarino, P.L.L.C.* (by *Linda M. Garbarino* and *David R. Nauts*), for Cardiovascular Clinical Associates, P.C.

Before: WILDER, P.J., and METER and FORT HOOD, JJ.

PER CURIAM. In this case alleging medical malpractice, defendant Cardiovascular Clinical Associates, P.C. (CCA), appeals by leave granted the circuit court's order denying its motion for summary disposition. We reverse.

The relevant facts are not disputed. Plaintiff[1] has colon cancer, which was diagnosed in November 2005. He had treated with defendant Dr. Mansoor G. Naini before his cancer diagnosis. He claims that Dr. Naini failed to refer him for a colonoscopy.

On April 25, 2006, plaintiffs' counsel sent a notice of intent to bring their action to Dr. Naini and defendant

---

[1] Beverly Driver, plaintiff Willie Driver's wife, joins him as a plaintiff, claiming loss of consortium, a derivative claim. "Plaintiff" shall refer to Willie Driver.

Michigan Cardiology Associates, P.C. (MCA). On October 23, 2006, plaintiffs filed a complaint against Dr. Naini and MCA. On January 19, 2007, Dr. Naini and MCA filed a notice of nonparty fault, naming CCA.

As a result of the notice of nonparty fault, plaintiffs sent an amended notice of intent to CCA on February 1, 2007. Approximately 39 days later, on March 12, 2007, plaintiffs filed a first amended complaint, including CCA as a defendant.

CCA moved for summary disposition, under MCR 2.116(C)(7), (8), and (10). CCA argued that plaintiffs had failed to comply with the medical malpractice procedural statutes and that plaintiffs' suit was time-barred.

In response, plaintiffs acknowledged that CCA should have had 182 days of notice, but stated that the period of limitations would have expired had they waited that long. Plaintiffs argued that under subsection (2) of the nonparty fault statute, MCL 600.2957(2), they have 91 days to add a potential defendant referenced in a notice of nonparty fault. Plaintiffs also noted that no new theories of liability were being alleged, and the only theory of liability was against Dr. Naini as the agent of his corporations. CCA was alleged to be vicariously liable.

CCA replied, noting that plaintiff's medical records reflected that Dr. Naini was associated with CCA. So, plaintiff was on notice of CCA.

At the hearing, plaintiffs denied that the period of limitations expired, arguing that the notice of intent sent to CCA, within the limitations period, tolled the statute. Plaintiffs also argued that, under subsection (2) of the nonparty fault statute, MCL 600.2957(2), the amended complaint was timely. Plaintiffs argued that, under that statute, as long as they added the nonparty

at fault within 91 days of the notice of nonparty fault, they are within the protection of that statute. The circuit court agreed with plaintiffs and denied the motion for summary disposition.

CCA applied for leave to appeal. This Court granted leave, limited to the issues stated in the application. *Driver v Naini*, unpublished order of the Court of Appeals, entered March 21, 2008 (Docket No. 280844).

. CCA first argues that plaintiffs prematurely filed suit, before the expiration of the presuit notice of intent period, and that, accordingly, the circuit court erred by denying its motion for summary disposition.

This Court reviews summary disposition rulings de novo. *Thorn v Mercy Mem Hosp Corp*, 281 Mich App 644, 647; 761 NW2d 414 (2008). Issues of statutory construction are questions of law, reviewed de novo. *Washington v Sinai Hosp of Greater Detroit*, 478 Mich 412, 417; 733 NW2d 755 (2007). Similarly, this Court reviews de novo the legal question whether a statute of limitations bars an action. *Ins Comm'r v Aageson Thibo Agency*, 226 Mich App 336, 340-341; 573 NW2d 637 (1997).

MCR 2.116(C)(7) permits summary disposition where the claim is barred because the applicable period of limitations expired before commencement of the action. In reviewing a motion under subrule (C)(7), a court accepts as true the plaintiff's well-pleaded allegations of fact, construing them in the plaintiff's favor. *Hanley v Mazda Motor Corp*, 239 Mich App 596, 600; 609 NW2d 203 (2000). The Court must consider affidavits, pleadings, depositions, admissions, and any other documentary evidence submitted by the parties, to determine whether a genuine issue of material fact exists. *Id*. But these materials are considered only to the

extent that they are admissible in evidence. *In re Miltenberger Estate*, 275 Mich App 47, 51; 737 NW 2d 513 (2007).

A motion for summary disposition under subrule (C)(8) tests the legal sufficiency of the pleadings. *Johnson-McIntosh v Detroit*, 266 Mich App 318, 322; 701 NW2d 179 (2005). The pleadings are considered alone, without consideration of evidence. MCR 2.116(G)(5). Where the parties rely on documentary evidence, appellate courts proceed under the standards of review applicable to a motion made under MCR 2.116(C)(10). *The Healing Place at North Oakland Med Ctr v Allstate Ins Co*, 277 Mich App 51, 55; 744 NW2d 174 (2007).

A motion made under MCR 2.116(C)(10) tests the factual support for a claim, and should be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *The Healing Place at North Oakland Med Ctr*, 277 Mich App at 56. When the burden of proof at trial would rest on the nonmoving party, the nonmovant may not rest upon mere allegations or denials in the pleadings, but must, by documentary evidence, set forth specific facts showing that there is a genuine issue for trial. *Id.* But such evidence is only considered to the extent that it·is admissible. MCR 2.116(G)(6). A genuine issue of material fact exists when the record, drawing all reasonable inferences in favor of the nonmoving party, leaves open an issue upon which reasonable minds could differ. *The Healing Place at North Oakland Med Ctr*, 277 Mich App at 56.

Where the timeliness of a tort action is at issue, we analyze when the claim accrued, because the due date for commencing the action hinges on accrual. MCL 600.5805(1) ("[a] person shall not bring or maintain an action . . . unless, *after the claim first accrued* . . . the

action is commenced within the periods of time prescribed by this section") (emphasis added). A medical malpractice claim accrues at the time of the acts or omissions that are the basis for the claim. MCL 600.5838a(1).

Because plaintiff's colon cancer was diagnosed in November 2005, that is the latest time at which the claim accrued. MCL 600.5838a(1). Since the claim accrued, at the latest, in November 2005, plaintiffs had, at the latest, until November 2007 to commence an action against CCA. MCL 600.5805(6) (the period of limitations for malpractice is two years). The first amended complaint naming CCA was filed, and thus an action against CCA *ostensibly*[2] commenced, in March 2007.

A medical malpractice claimant must give, to proposed defendants, notice of the intent to sue, and this must be done at least 182 days before commencing an action. MCL 600.2912b(1).[3] A notice of intent must also be separately provided to a professional corporation, if the plaintiff wants to be able to sue the professional corporation for vicarious liability for medical malpractice. *Potter v McLeary*, 484 Mich 397, 402-403; 774 NW2d 1 (2009).

If the claimant gives this notice of intent, the claimant tolls the two-year limitations period of MCL

---

[2] Later in this opinion, we will see that a medical malpractice action is not legally commenced unless the claimants complied with the notice of intent period. *Burton v Reed City Hosp Corp*, 471 Mich 745, 753-754; 691 NW2d 424 (2005). Here, as to CCA, it is undisputed that plaintiffs did not comply with the notice of intent waiting period (although plaintiffs maintain that such compliance was not required; see the discussion later in this opinion).

[3] If the claimant does not receive the written response required by MCL 600.2912b(7) from the defendant within 154 days after the defendant received the notice, the claimant may commence a medical malpractice action upon the expiration of the 154-day period. MCL 600.2912b(8). Here, the shortening of the 182-day period to 154 days is irrelevant, because plaintiffs only waited approximately 39 days, after giving their amended notice to CCA, to file their first amended complaint.

600.5805(6), as against the persons who are sent the notice. MCL 600.5856(c). MCL 600.5856 states:

> The statutes of limitations or repose are tolled in any of the following circumstances:
>
> (a) At the time the complaint is filed, if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules.
>
> (b) At the time jurisdiction over the defendant is otherwise acquired.
>
> (c) At the time notice is given in compliance with the applicable notice period under section 2912b, if during that period a claim would be barred by the statute of limitations or repose; *but in this case, the statute is tolled not longer than the number of days equal to the number of days remaining in the applicable notice period after the date notice is given.* [Emphasis added.]

Thus, the two-year limitations period is tolled, for a maximum of 182 days, if the plaintiff provides, before the period of limitations expires, a valid notice of intent. MCL 600.5856(c); *Waltz v Wyse*, 469 Mich 642, 646; 677 NW2d 813 (2004); *Farley v Advanced Cardiovascular Health Specialists, PC*, 266 Mich App 566, 573; 703 NW2d 115 (2005) (notice of intent cannot toll the running of the period of limitations, if the limitations period has already expired before the notice was given). A claimant must then wait for the duration of the notice of intent period, before the claimant may file a complaint. *Burton v Reed City Hosp Corp*, 471 Mich 745, 753-754; 691 NW2d 424 (2005). As the emphasized language makes clear, the notice of intent tolling has a maximum number of days equal to the number of days remaining in the notice period. MCL 600.5856(c).

Next, also at play in determining the timeliness of a medical malpractice action are, obviously, the limitations periods. MCL 600.5838a(2) provides the overall

map of the limitations periods applicable to medical malpractice actions. It states, in relevant part:

> Except as otherwise provided in this subsection, *an action involving a claim based on medical malpractice may be commenced at any time within the applicable period prescribed in section 5805* or sections 5851 to 5856, or within 6 months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later. . . . A medical malpractice action that is not commenced within the time prescribed by this subsection is barred. [MCL 600.5838a(2) (emphasis added).]

There is no issue raised by the parties regarding discovery of the alleged malpractice. Therefore, according to the emphasized language, MCL 600.5838a(2) points the analysis to MCL 600.5805, which provides a two-year limitations period for medical malpractice actions. It states, in relevant part:

> (1) A person shall not bring or maintain an action to recover damages for injuries to persons or property unless, after the claim first accrued . . . the action is commenced within the periods of time prescribed by this section.
>
> \* \* \*
>
> (6) [T]he period of limitations is 2 years for an action charging malpractice. [MCL 600.5805.]

Thus, whether a claimant has complied with the statute of limitations depends on when the claimant commenced an action. Therefore, we turn to what actions constitute commencement of a medical malpractice action.

If a plaintiff files a complaint before the notice period has expired, the plaintiff has not commenced a medical malpractice action. *Burton*, 471 Mich at 754. The Court in *Burton* made this clear:

Each statute sets forth a prerequisite condition to the commencement of a medical malpractice lawsuit. The filing of a complaint before the expiration of the statutorily mandated notice period is no more effective to commence a lawsuit than the filing of a complaint without the required affidavit of merit. In each instance, the failure to comply with the statutory requirement renders the complaint insufficient to commence the action. [*Id.*]

Here, plaintiffs provided their amended notice of intent, naming CCA, on February 1, 2007. Approximately 39 days later, plaintiffs filed their first amended complaint, naming CCA. Because plaintiffs filed their first amended complaint before the notice period expired, they did not commence a medical malpractice action as against CCA. *Burton*, 471 Mich at 753-754 (filing a premature complaint does not toll the statute of limitations). Because plaintiffs did not properly commence an action against CCA, the period of limitations continued to run as against CCA (was not tolled by the filing of the premature complaint[4]), *id.*,[5] and plaintiffs'

---

[4] Even if the amended notice of intent tolled the limitations period, it only did so for a limited number of days. MCL 600.5856(c). Because plaintiffs never effectively commenced an action against CCA, *Burton*, 471 Mich at 753-754, the clock began to run again after § 5856(c) tolling expired.

[5] In *Mayberry v Gen Orthopedics, PC*, 474 Mich 1, 3; 704 NW2d 69 (2005), the Court faced a situation in which a first notice of intent did not need to toll the limitations period, because there were more than 182 days remaining in the limitations period, and then the plaintiff filed a second notice of intent, with fewer than 182 days remaining in the limitations period, thereby needing the tolling. The Court held that because the first notice of intent did not result in any tolling, the second notice of intent did result in tolling under MCL 600.5856(d) (which was amended to become subsection [c]). In the case at bar, plaintiffs only provided one notice of intent to CCA. In addition, that notice of intent could only toll for a limited number of days, see MCL 600.5856(c), and since plaintiffs' amended complaint, naming CCA, did not commence an action, because it was premature, the tolling under MCL 600.5856(c), for a limited number of days, ended long ago. MCL 600.5856(c).

claims against CCA are now time-barred, MCL 600.5805(6). This is the end of the case, unless, as plaintiffs argue, their claim against CCA is timely under another statute. They cite the notice of nonparty fault statute, MCL 600.2957.

In relevant part, the nonparty fault statute provides, in effect, that after the initial defendants identified CCA as a nonparty potentially at fault, plaintiffs had 91 days to file and serve an amended complaint naming CCA. MCL 600.2957(2). That subsection provides:

> Upon motion of a party within 91 days after identification of a nonparty, the court shall grant leave to the moving party to file and serve an amended pleading alleging 1 or more causes of action against that nonparty. A cause of action added under this subsection is not barred by a period of limitation unless the cause of action would have been barred by a period of limitation at the time of the filing of the original action. [MCL 600.2957(2).]

Whether plaintiffs can rely on this statute, to render their claim against CCA timely, depends on how this statute is interpreted.

Statutory construction discerns and gives effect to the Legislature's intent. *Potter*, 484 Mich at 410. In determining that intent, the court first looks to the language of the statute. *Id*. The interpretation of the language must accord with the legislative intent. *Bush v Shabahang*, 484 Mich 156, 167; 772 NW2d 272 (2009). As far as possible, the court gives effect to every phrase, clause, and word in the statute. *Id*. "The statutory language must be read and understood in its grammatical context, unless it is clear that something different was intended." *Id*. (quotation marks and citations omitted). Courts read a statute as a whole, and individual words and phrases, while important, are read in the context of the entire legislative scheme. *Id*.

Applying these rules, we first note that a cause of action filed in accordance with this subsection "is not barred by a period of limitation . . . ." MCL 600.2957(2). The only exception is the "unless clause," relied on by CCA here. Under the "unless clause," that part of plaintiffs' claims that would have been time-barred, at the filing of the original complaint, on October 2006, is not timely under subsection (2) of the nonparty fault statute. MCL 600.2957(2). Because plaintiffs claim that malpractice occurred up to and including November 2005 (which is within two years of October 2006), not all portions of plaintiffs' claims against CCA would have been time-barred when the original complaint was filed. Only those portions of the claims based on acts or omission occurring before October 23, 2004, would have been time-barred, as against CCA, at that time. MCL 600.5805(6) (2-year limitations period); MCL 600.5838a(1) (a medical malpractice claim accrues at the time of the acts or omissions that are the basis for the claim). Thus, the "unless exception" in subsection (2) of the nonparty fault statute is not a total bar to plaintiffs' claims against CCA.

Accordingly, given all the above analysis, we must turn to the apparent conflict between, on the one hand, the nonparty fault statute (under which plaintiffs' claims against CCA are not totally barred), and, on the other hand, the notice of intent statute and the statute of limitations (which, as discussed earlier in this opinion, as interpreted in *Burton*, would result in plaintiffs' claims against CCA being untimely *in toto*). Therefore, we turn to the law applicable when statutes touching the same area appear to conflict. *In re Kostin Estate*, 278 Mich App 47, 57; 748 NW2d 583 (2008).

Apparently conflicting statutes should be construed, if possible, to give each full force and effect. *Mich Good*

*Roads Federation v State Bd of Canvassers*, 333 Mich 352, 361; 53 NW2d 481 (1952); *Beattie v Mickalich*, 284 Mich App 564, 570; 773 NW2d 748 (2009). The object of the *in pari materia* rule is to effectuate legislative purposes when statutes are harmonious. *Walters v Leech*, 279 Mich App 707, 710; 761 NW2d 143 (2008). If two statutes lend themselves to a harmonious construction, that construction controls. *In re Project Cost & Special Assessment Roll for Chappel Dam*, 282 Mich App 142, 148; 762 NW2d 192 (2009). Statutes are *in pari materia* when they relate to the same subject matter and share a common purpose. *In re Kostin Estate*, 278 Mich App at 57, citing *Donkers v Kovach*, 277 Mich App 366, 371; 745 NW2d 154 (2007). In other words, statutes that are *in pari materia* must be read together, as a whole, to fully reveal the Legislature's intent. *Beattie*, 284 Mich App at 570. However, to the extent the two statutes at issue are in actual conflict, and are *in pari materia*, the more specific statute controls. *In re Kostin Estate*, 278 Mich App at 57, citing *People v Buehler*, 477 Mich 18, 26; 727 NW2d 127 (2007).

Accordingly, we first consider whether the nonparty fault statute and the notice of intent statute (together with the statute of limitations) can be read harmoniously. We are constrained to hold that they are in unavoidable conflict. *Hughes v Almena Twp*, 284 Mich App 50, 66; 771 NW2d 453 (2009) (noting that statutes that are *in pari materia* must be read together as one law and should be reconciled "if possible"). As discussed earlier in this opinion, the nonparty fault statute unavoidably results in only *parts* of plaintiffs' claim against CCA being untimely. On the other hand, as explained earlier, the notice of intent statute, as bindingly interpreted in *Burton,* 471 Mich at 753-754, together with the statute of limitations, would result in

*all* of plaintiffs' claim against CCA being barred. We can see no interpretation of these statutes that can void the conflicting result, while still being faithful to *Burton*, 471 Mich at 753-754.

We also hold that, the nonparty fault statute, on one hand, and, on the other hand, the notice of intent statute (in conjunction with the statute of limitations), relate to the same subject matter, namely, the situation at bar, where there is, in a medical malpractice action, a notice of nonparty fault as well as a failure to wait the entire notice of intent waiting period. MCL 600.2912b; MCL 600.2957. Also, the statutes share a common purpose, namely, to provide rules and limitations for when actions may be brought against persons alleged to be liable for medical malpractice. MCL 600.2912b; MCL 600.5805(6); MCL 600.2957(2). Accordingly, these statutes are *in pari materia*. Compare *In re Kostin Estate*, 278 Mich App at 57 (holding *in pari materia* a statute dealing with Totten[6] trusts and a statute dealing with express trusts).

Because the statutes conflict, and are *in pari materia*, we must determine which is more specific. *In re Kostin Estate*, 278 Mich App at 57. The notice of intent statute applies only to medical malpractice actions. MCL 600.2912b(1). The nonparty fault statute, by contrast, applies to a broader category of actions, namely any "action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death," in which a defendant gives notice of a nonparty at fault. MCL 600.2957(1). Therefore, the notice of intent statute controls. *In re Kostin Estate*, 278 Mich App at 57. Because plaintiffs failed to comply with the notice of intent statute and did not commence an

---

[6] *In re Totten*, 179 NY 112; 71 NE 748 (1904); see also *In re Kostin Estate*, 278 Mich App at 55-56.

action against CCA, their claim against CCA is barred by the statute of limitations. *Burton*, 471 Mich at 753-754.

Plaintiffs argue that *Burton* is no longer good law, citing *Costa v Community Emergency Med Servs, Inc*, 475 Mich 403; 716 NW2d 236 (2006). This argument lacks merit. *Costa* did not overrule *Burton*. On the contrary, *Costa* cited, and relied upon, *Burton*. *Costa*, 475 Mich at 409. Therefore, *Burton* is still good law. *Id*.

Plaintiffs also argue that the notice of intent statute, and its mandatory waiting period, do not apply to CCA, because it is a professional corporation. Our Supreme Court recently rejected this position, holding that, where claims against a professional corporation are predicated on its vicarious liability for a licensed health care provider rendering professional services, a notice of intent must be provided to the professional corporation. *Potter*, 484 Mich at 402-403.

*Potter* does not in any way contradict the result we reach today. On the contrary, it supports it. *Potter*'s first holding is that "when claims alleged against a PC are predicated on its vicarious liability for a licensed health care provider rendering professional services, an NOI [notice of intent] must be provided" to the professional corporation. *Id.* at 402. *Potter*'s second holding is that the notice of intent statute does not require a claimant to set forth the legal and employment relationship between the parties to be sued. *Id.* at 420. *Potter*'s third holding is that a claimant is not required to set forth the claimant's legal theory of vicarious liability in the notice of intent sent to a professional corporation, even when vicarious liability is the only claim asserted against the professional corporation. *Id.* at 422. None of these *Potter* holdings contradicts our holdings today, because the *Potter* holdings do not relate to whether

claims are barred by reason of a statute of limitations where a claimant fails to wait the required notice period. *Id.*

*Bush* also does not contradict our result today. *Bush* dealt with a situation in which there were *defects* in a notice of intent, *not* a situation in which a party was *completely left out* of a notice of intent (received no notice whatsoever). *Bush*, 484 Mich at 160-161. Therefore, *Bush* is distinguishable. The first (and only relevant) issue in *Bush* was whether defects in a notice of intent would preclude tolling of the statute of limitations under MCL 600.5856. The Court held that defects in the notice of intent did not preclude notice tolling, because defects in the notice of intent can be addressed under MCL 600.2301,[7] which allows for amendment and disregard of "any error or defect," where the substantial rights of the parties are not affected, and the cure is in furtherance of justice. *Bush*, 484 Mich at 161. We hold that plaintiffs' failure to give any notice whatsoever to CCA in the original notice of intent cannot be considered a mere defect in the notice, subject to cure, and also that the substantial rights of CCA would be affected (indeed, CCA, though a corporate person, has a due process right to notice[8]). We also hold

---

[7] MCL 600.2301 provides:

> The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties.

[8] *Greater Slidell Auto Auction, Inc v American Bank & Trust Co of Baton Rouge, La*, 32 F3d 939, 942 (CA 5, 1994) (holding that a corporation had due process right to notice by mail of the Federal Deposit Insurance Corporation's appointment as receiver).

that such a drastic "cure" (adding a new party) would not be in the furtherance of justice (if plaintiffs could obtain tolling for a claim against CCA, though no notice whatsoever was provided to CCA in the original notice of intent). See *id*. Therefore, *Bush* and MCL 600.2301 do not allow plaintiffs to leave CCA out of the original notice of intent, toll the statute of limitations as against CCA, and then "cure" the "error or defect" by giving CCA an amended notice.

Plaintiffs also argue that the correct action, in response to CCA's motion, would be dismissal without prejudice. This argument was not made in the circuit court. Therefore, we decline to consider it. *Kuznar v Raksha Corp*, 481 Mich 169, 182 n 35; 750 NW2d 121 (2008); *Ligon v Detroit*, 276 Mich App 120, 129; 739 NW2d 900 (2007).

Because we hold that plaintiffs' claims against CCA are time-barred, CCA's remaining arguments are moot, and this Court is not obliged to decide moot questions, *Mettler Walloon, LLC v Melrose Twp*, 281 Mich App 184, 221; 761 NW2d 293 (2008), even when they are preserved, *Ewing v Bolden*, 194 Mich App 95, 104; 486 NW2d 96 (1992).

Reversed and remanded for entry of summary disposition in CCA's favor. We do not retain jurisdiction. CCA, being the prevailing party, may tax costs pursuant to MCR 7.219.