ANZALDUA v NEOGEN CORPORATION

Docket No. 296978. Submitted May 13, 2011, at Lansing. Decided May 17, 2011, at 9:20 a.m.

Sharon Anzaldua brought an action in the Ingham Circuit Court against Neogen Corporation, alleging retaliatory discharge in violation of Michigan's public policy. In May 2007, plaintiff had cooperated with a state official who performed a boiler inspection, which led to a citation being issued to defendant. Plaintiff was terminated in June 2007. Plaintiff filed her complaint in May 2009. Defendant moved for summary disposition under MCR 2.116(C)(7) (statute of limitations), (C)(8) (failure to state a claim), and (C)(10) (no genuine issue of material fact). The court, Rosemarie E. Aquilina, J., granted the motion, concluding that the gravamen of plaintiff's complaint essentially alleged that she had been engaged in activity protected under the Whistleblowers' Protection Act (WPA), MCL 15.361 *et seq*. Therefore, the court concluded that the WPA provided the exclusive remedy for plaintiff's claim and that her failure to bring her claim within the 90-day period of limitations set forth in MCL 15.363(1) required that summary disposition be granted in defendant's favor. Plaintiff appealed. Defendant cross-appealed, arguing that the trial court had improperly made a finding of fact when deciding the motion for summary disposition.

The Court of Appeals *held*:

1. The WPA provides employees protection from discharge from employment or other retaliation when, among other things, the employee is requested by a public body to participate in an investigation, hearing, or inquiry held by that public body. The term "inquiry" encompasses an administrative search. Thus, plaintiff was engaged in protected activity under the WPA when she cooperated with a state officer performing a boiler inspection, and her claim was subject to the WPA's exclusive remedy. Plaintiff's attempt to characterize her claim as one for retaliatory termination in violation of public policy, rather than a claim under the WPA, failed. Thus, plaintiff was bound by the 90-day limitations period set forth in the WPA, and the trial court did not err by granting summary disposition in defendant's favor.

2. The trial court's decision to grant summary disposition was not premature even though discovery was not complete because plaintiff did not demonstrate a fair likelihood that further discovery could reveal anything to refute the trial court's correct conclusion that plaintiff's exclusive remedy was under the WPA.

3. Defendant argued on cross-appeal that the trial court improperly made a factual finding that plaintiff was terminated because of her participation in the boiler inspector's investigation. While a trial court may not make findings of fact or credibility determinations when deciding a motion for summary disposition, MCR 2.116(C)(8) requires a trial court to accept all well-pleaded factual allegations as true. Thus, it was apparent that the challenged statement in the trial court's order was a summary of plaintiff's allegations rather than an improper finding of fact. Defendant failed to establish that the trial court's statement was improper.

Affirmed.

1. STATUTES — WHISTLEBLOWERS' PROTECTION ACT — PROTECTED ACTIVITY — INQUIRY.

The Whistleblower's Protection Act provides employees protection from discharge from employment or other retaliation when, among other things, the employee is requested by a public body to participate in an investigation, hearing, or inquiry held by that public body; an inquiry includes an administrative search (MCL 15.362).

2. STATUTES — WHISTLEBLOWERS' PROTECTION ACT — EXCLUSIVE REMEDY — PERIOD OF LIMITATIONS.

A plaintiff asserting a claim that arises from circumstances that establish a claim for relief under the Whistleblower's Protection Act is subject to that act's exclusive remedy and cannot evade the act's 90-day limitations period by recasting the claim as one for retaliatory discharge in violation of public policy.

*Pitt McGehee Palmer Rivers & Golden, PC* (by *Robert W. Palmer* and *Beth M. Rivers*), for Sharon Anzaldua.

*Oade, Stroud & Kleiman, P.C.* (by *Ted W. Stroud*), for Neogen Corporation.

Before: OWENS, P.J., and O'CONNELL and METER, JJ.

PER CURIAM. Plaintiff appeals as of right the trial court's order granting defendant's motion for summary disposition under MCR 2.116(C)(7) (statute of limitations), (C)(8) (failure to state a claim), and (C)(10) (no genuine issue of material fact). Defendant cross-appeals, arguing that the trial court made an improper finding of fact when deciding its motion. We affirm.

I. FACTS AND PROCEEDINGS

This action arose from defendant's termination of plaintiff's employment in June 2007. In May and June 2007, defendant was in the process of establishing a laboratory for the manufacture of an equine botulism vaccine. The manufacture of this vaccine is regulated by federal and state agencies to avoid safety hazards and security breaches pertaining to the botulism organism used in the manufacturing process. Plaintiff had been selected as the Select Agent Program Alternate Responsible Official in defendant's Lansing facility. Under applicable regulations, no one could be admitted to the restricted laboratory areas (the Bot suite) without the presence and authorization of plaintiff or the primary responsible official. However, these restrictions were not to be in effect until defendant actually received the botulism agent in October 2007.

Plaintiff alleged that she was terminated from her employment with defendant in June 2007 in retaliation for her compliance with a state Department of Labor deputy boiler inspector, Al Ladd. Plaintiff had escorted Ladd through the facility when he arrived for an unannounced inspection on May 3, 2007. The inspector discovered an unregistered boiler in the facility and issued a citation requiring defendant to bring the boiler into conformity with state regulations. When the inspector returned on May 14, 2007, defendant's mainte-

nance manager, Al Meredith, informed plaintiff that Meredith, not plaintiff, would escort Ladd through the facility for the inspection. Meredith instructed plaintiff not to talk to Ladd and to channel all communications through Meredith. Nonetheless, plaintiff accompanied Ladd to the Bot suit and cooperated with him when he asked questions about another unregistered boiler.

Plaintiff filed this action in May 2009, alleging a claim for retaliatory discharge in violation of public policy because she was terminated for complying with her statutory duty to grant Ladd access to the facility to inspect the boilers. Defendant moved for summary disposition under MCR 2.116(C)(7), (8), and (10), arguing that there was no genuine issue of material fact that plaintiff's claim arose under the Whistleblowers' Protection Act (WPA), MCL 15.361 *et seq.*, that plaintiff had failed to state a cognizable claim independent of the WPA, and that plaintiff's claim was untimely under the WPA's 90-day limitations period, MCL 15.363. Plaintiff denied that she was engaged in protected activity under the WPA and maintained that she had pleaded a valid claim for retaliatory discharge contrary to public policy. The trial court agreed with defendant and granted its motion.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's ruling on a motion for summary disposition. *Doe v Roman Catholic Archbishop of the Archdiocese of Detroit*, 264 Mich App 632, 638; 692 NW2d 398 (2004). When reviewing a motion under MCR 2.116(C)(7), a reviewing court must consider all affidavits, pleadings, and other documentary evidence submitted by the parties and construe the pleadings and evidence in favor of the nonmoving party. *Id.* "Absent a disputed question of fact, the determina-

tion whether a cause of action is barred by a statute of limitation is a question of law that this Court reviews de novo." *Id.*

A motion brought under MCR 2.116(C)(8) tests whether the complaint states a claim as a matter of law. *Teel v Meredith*, 284 Mich App 660, 662; 774 NW2d 527 (2009). In reviewing the motion, the court accepts as true all well-pleaded allegations and construes them in a light most favorable to the nonmoving party. *Id.* The motion should be granted if no factual development could possibly justify discovery. *Id.*

A motion under MCR 2.116(C)(10) tests the factual support for a claim and should be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Driver v Naini*, 287 Mich App 339, 344; 788 NW2d 848 (2010). The nonmoving party may not rest on the allegations in the pleadings, but must set forth, through documentary evidence, specific facts demonstrating a genuine issue for trial. *Id.*

### III. ANALYSIS

The WPA provides a remedy for an employee who suffers retaliation for reporting or planning to report a suspected violation of a law, regulation, or rule to a public body. MCL 15.362; MCL 15.363; *Shallal v Catholic Social Servs of Wayne Co*, 455 Mich 604, 610; 566 NW2d 571 (1997). The WPA provides that an employer shall not discharge or otherwise retaliate against an employee because the employee "reports or is about to report . . . a violation or a suspected violation of a law or regulation" or because "an employee is requested by a public body to participate in an investigation, hearing, or inquiry held by that public body." MCL 15.362. A prima facie case under the WPA arises when (1) the

plaintiff was engaged in protected activity as defined by the act, (2) the plaintiff was discharged or discriminated against, and (3) a causal connection exists between the protected activity and the adverse employment decision. *Shaw v City of Ecorse*, 283 Mich App 1, 8; 770 NW2d 31 (2009).

The underlying purpose of the WPA is protection of the public. *Dolan v Continental Airlines/Continental Express*, 454 Mich 373, 378; 563 NW2d 23 (1997). The statute "meets this objective by protecting the whistle-blowing employee and by removing barriers that may interdict employee efforts to report violations or suspected violations of the law." *Id.* at 378-379. The WPA is a remedial statute and must be liberally construed to favor the persons that the Legislature intended to benefit. *Chandler v Dowell Schlumberger, Inc*, 456 Mich 395, 406; 572 NW2d 210 (1998). The WPA provides the exclusive remedy for such retaliatory discharge and consequently preempts common-law public-policy claims arising from the same activity. *Dudewicz v Norris Schmid, Inc*, 443 Mich 68, 70, 78-79; 503 NW2d 645 (1993), overruled in part on other grounds by *Brown v Detroit Mayor*, 478 Mich 589, 595 n 2 (2007). However, if the WPA does not apply, it provides no remedy and there is no preemption. *Driver v Hanley (After Remand)*, 226 Mich App 558, 566; 575 NW2d 31 (1997).

The WPA imposes a 90-day limitations period for a civil action arising from a violation of the act. MCL 15.363(1). In determining whether a statute of limitations applies, this Court looks to the true nature of a complaint, reading the complaint as a whole and looking beyond the parties' labels to determine the exact nature of the claim. *Adams v Adams (On Reconsideration)*, 276 Mich App 704, 710-711; 742 NW2d 399 (2007). Accordingly, a plaintiff asserting a claim for

termination in violation of public policy that arises from circumstances that establish a claim for relief under the WPA will be subject to the WPA's exclusive remedy and will not be permitted to evade the 90-day limitations period by recasting the claim as a public-policy claim.

Plaintiff argues that she was not engaged in protected activity under the WPA with respect to the boiler inspection because she was not requested by a public body to participate in an "investigation" or "inquiry" as those terms are used in the WPA. The WPA defines a "public body" as including "[a] state officer, employee, agency, department, division, bureau, board, commission, council, authority, or other body in the executive branch of state government." MCL 15.361(d)(*i*). The deputy boiler inspector, as a state officer, thus falls within the definition of a public body under the WPA. However, plaintiff characterizes Ladd's boiler inspection as a "routine inspection" that cannot be classified as an investigation or inquiry under the WPA. The WPA does not define the terms "investigation" or "inquiry." Terms that are not defined in a statute must be given their plain and ordinary meanings, and it is appropriate to consult a dictionary for definitions. *Halloran v Bhan*, 470 Mich 572, 578; 683 NW2d 129 (2004).

Black's Law Dictionary (8th ed), p 844, defines "investigate" as "[t]o inquire into (a matter) systematically" or "[t]o make an official inquiry." It defines "inquiry" in the context of parliamentary law as "[a] request for information, either procedural or substantive" and in the context of international law as fact-finding. *Id.* at 808. *Random House Webster's College Dictionary* (2000) defines "inquiry" as "1. a seeking or request for truth, information, or knowledge. 2. an investigation, as into an incident. 3. a question; query." The general dictionary definition of "inquiry" meshes

with the legal dictionary's definition of the term "administrative search," which is defined in Black's Law Dictionary (8th ed), p 1378, as "[a] search of public or commercial premises carried out by a regulatory authority for the purpose of enforcing compliance with health, safety, or security regulations." The activity of an administrative search thus involves an inquiry as defined in *Random House Webster's College Dictionary* as a seeking or request for truth, information, or knowledge. Reading these definitions together, and in view of the WPA's delineation of protected activity, it is apparent that the term "inquiry" in the WPA encompasses an administrative search such as the inspection carried out here by the boiler inspector. Thus, plaintiff was engaged in protected activity when she cooperated with Ladd's inspection, and her claim was therefore subject to the WPA's exclusive remedy. *Dudewicz*, 443 Mich at 70. Accordingly, plaintiff failed to plead a cognizable public-policy claim independent of the WPA.

Plaintiff's reliance on *Messenger v Dep't of Consumer & Indus Servs*, 238 Mich App 524; 606 NW2d 38 (1999), in support of her argument that the boiler inspection was not an investigation within the meaning of the WPA is misplaced. In *Messenger*, the plaintiff, a licensed physician, was prosecuted for and acquitted of manslaughter for withdrawing life support from his infant son. *Id.* at 527. The plaintiff presented a request under the Freedom of Information Act (FOIA), MCL 15.321 *et seq.*, for information that the defendant, the Department of Consumer and Industry Services, had compiled regarding the plaintiff's prosecution. *Messenger*, 238 Mich App at 527. The defendant contended that the information was exempt from disclosure under the Public Health Code (PHC), specifically MCL 333.16238(1), which classified as confidential any information obtained in an investigation before the issuance

of an administrative complaint. *Messenger*, 238 Mich
App at 527-528. This Court held that the FOIA exemp-
tion did not apply because there had not been an
investigation within the meaning of MCL 333.16238(1),
explaining:

> The PHC does not expressly define the term "investiga-
> tion." In the absence of a statutory definition of a term, a
> court may consult dictionary definitions to determine the
> common meaning of a word. *Popma v Auto Club Ins Ass'n*,
> 446 Mich 460, 470; 521 NW2d 831 (1994); *Weisman v US
> Blades, Inc*, 217 Mich App 565, 568; 552 NW2d 484 (1996).
> *Random House Webster's College Dictionary* (2d ed.), p 668,
> defines an "investigation" as "the act or process of inves-
> tigating or the condition of being investigated" or "a
> searching inquiry for ascertaining facts; detailed or careful
> examination." Similarly, to "investigate" is "to search or
> examine into the particulars of; examine in detail." *Id.*
> Further, §§ 16221 and 16233 of the PHC, MCL 333.16221,
> 333.16233, instruct that, during the course of an investi-
> gation, the department may hold hearings, take testimony,
> and administer written, oral, and practical tests to a
> licensee as investigatory tools.

> Applying the general principles of statutory construc-
> tion and the common meaning of "investigation" to the
> facts of this case, we find that defendant's conduct did not
> amount to an "investigation" as contemplated by the PHC.
> Defendant did not engage in a searching inquiry for ascer-
> taining facts, nor did it conduct a detailed or careful
> examination of the events surrounding plaintiff's alleged
> misconduct. Rather, by its own admission, defendant con-
> ducted only an "administrative review," a "monitoring and
> a preliminary compilation of information," a "preliminary
> review," and a "preliminary information gathering pro-
> cess . . . limited to non-intrusive measures" that preceded a
> "formal field investigation." Indeed, defendant's passive
> efforts at collecting information concerning the man-
> slaughter charges filed against plaintiff consisted of noth-
> ing more than obtaining documents from public agencies
> and monitoring the criminal proceeding. On this record, we

find that defendant's conduct is properly classified as that which *precedes* a formal "investigation" and does not rise to the level of an "investigation" as contemplated by the PHC. [*Id.* at 534-535 (citations omitted).]

Plaintiff contends that the boiler inspector's visits did not rise to the level of an investigation because they did not involve "a searching inquiry for ascertaining facts" or "a detailed or careful examination of the events surrounding" alleged misconduct. However, we are not persuaded that this Court's construction of the term "investigation" as used in the PHC, MCL 333.16238(1), requires a similarly restrictive interpretation of the terms "investigation" and "inquiry" as used in the WPA. Whereas the WPA's inclusions of protected persons must be construed broadly, *Chandler,* 456 Mich at 406, exemptions from disclosure under the FOIA must be narrowly construed, *Booth Newspapers, Inc v Univ of Mich Bd of Regents,* 444 Mich 211, 232; 507 NW2d 422 (1993). Moreover, the WPA's protection is not limited only to persons who participate in investigations, but extends to employees who are requested by a public body to participate in "an investigation, hearing, *or inquiry* held by that public body." MCL 15.362 (emphasis added). Indeed, the *Messenger* Court's construction of the term "investigation" as used in the PHC builds on the term "inquiry"; an investigation encompasses "a searching inquiry for ascertaining facts; detailed or careful examination." This is consistent with the Black's Law Dictionary definition of "investigation" as including an "official inquiry" and to "systematically" inquire into a matter. Read together, these definitions suggest a hierarchy of governmental acquisition of information, with probing or formal investigations being required to apply the FOIA exemption and with less intrusive and less formal inquiries being sufficient to come within the scope of the WPA.

The boiler inspector's inspection fits the definition of "inquiry" in the WPA. Accordingly, an employee who participates in an investigation or inquiry, which includes an administrative search or inspection, is a protected person under the WPA. Consequently, plaintiff's action was subject to the WPA's exclusive remedy and was therefore barred by the 90-day limitations period in that act. *Dudewicz*, 443 Mich at 70; MCL 15.363.

Accordingly, summary disposition was proper under MCR 2.116(C)(7), because plaintiff's claim was untimely, and also under MCR 2.116(C)(8) and (10), because plaintiff failed to plead or support a claim that was not subject to the WPA's exclusive remedy. Because we conclude that the WPA was plaintiff's exclusive remedy, it is unnecessary to consider the merits of plaintiff's public-policy theory.

We also disagree with plaintiff's argument that summary disposition was premature because discovery was not yet complete. "A motion under MCR 2.116(C)(10) is generally premature if discovery has not been completed unless there is no fair likelihood that further discovery will yield support for the nonmoving party's position." *Liparoto Constr, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 33-34; 772 NW2d 801 (2009). Plaintiff argues that further discovery could reveal evidence to support her claim that her termination was motivated by her cooperation with the boiler inspector. However, that was not the basis for the trial court's summary disposition decision. Plaintiff has not demonstrated a fair likelihood that further discovery could reveal anything to refute the trial court's correct conclusion that plaintiff's exclusive remedy was under the WPA and her claim was thus subject to that act's 90-day limitations period.

IV. DEFENDANT'S CROSS-APPEAL

Defendant argues on cross-appeal that the trial court improperly made a finding of fact that plaintiff was terminated because of her participation in the boiler inspector's investigation. Defendant challenges the following emphasized statement that appears in both the trial court's original and amended opinions:

> Plaintiff was requested by a public body to participate in an investigation regarding the boilers in the laboratory. *Because Plaintiff's employment was terminated due to her participation in the investigation,* her exclusive remedy was under the WPA. Plaintiff waited almost two years to file her claim and is therefore, barred by the 90-day statute of limitations for a WPA claim.

A court may not make a finding of fact or weigh credibility when ruling on a motion for summary disposition. *Skinner v Square D Co*, 445 Mich 153, 161; 516 NW2d 475 (1994). Read in context, however, it is apparent that the challenged statement was not an improper finding of fact, but a summary of plaintiff's allegations. When deciding a motion for summary disposition under MCR 2.116(C)(8), a court must accept as true all well-pleaded allegations. *Teel*, 284 Mich App at 662. Similarly, when deciding a motion under MCR 2.116(C)(10), a court must view the evidence and all reasonable inferences arising from the evidence in a light most favorable to the nonmoving party. *Driver*, 287 Mich App at 344.

Plaintiff alleged that her cooperation with Ladd was the reason defendant terminated her employment. For purposes of defendant's motion, the trial court was obligated to accept that allegation as true to determine whether the gravamen of plaintiff's complaint involved a termination for participating in an investigation or inquiry, which would bring her claim within the WPA.

Viewed in this manner, defendant has failed to establish that the trial court's statement was improper.

Affirmed.

OWENS, P.J., and O'CONNELL and METER, JJ., concurred.