# STATE OF MICHIGAN

# COURT OF APPEALS

TODD MUSCAT,

      Plaintiff-Appellant,

UNPUBLISHED
December 3, 2015

v

MINACS GROUP USA, INC.,

      Defendant-Appellee.

No. 322971
Oakland Circuit Court
LC No. 2013-133823-CZ

Before: SERVITTO, P.J., and WILDER and BOONSTRA, JJ.

PER CURIAM.

In this action under the Fair Labor Standards Act (FLSA), 29 USC 201 *et seq*., alleging that plaintiff was denied overtime payment, plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(10). We affirm.

Defendant hired plaintiff in August 2010 and eventually promoted him to the position of a training specialist. This position was a salaried position and defendant did not pay plaintiff overtime. After working for two years at what plaintiff estimated as 55 hours per week, plaintiff filed the instant action seeking, among other claims, the unpaid overtime he asserted he was owed but not paid in violation of the FLSA. During litigation, plaintiff's other claims were voluntarily disposed of, and plaintiff was left only with the FLSA claim.

After discovery, defendant moved the trial court to summarily dispose of plaintiff's FLSA claim, arguing that plaintiff's position was exempt from the FLSA's overtime requirement. Defendant argued that plaintiff could be considered a bona fide administrative employee or, alternatively, a bona fide executive employee, both of which positions are exempted from the requirement of overtime pay under the FLSA. Despite plaintiff's contention that neither exemption applied to him, the trial court found that plaintiff was exempt under the bona fide administrative exemption, and summarily disposed of plaintiff's FLSA overtime claim. Plaintiff now appeals that decision.

"This Court reviews decisions on motions for summary disposition de novo to determine if the moving party was entitled to judgment as a matter of law." *Alcona Co v Wolverine Environmental Prod, Inc*, 233 Mich App 238, 245; 590 NW2d 586 (1998). A motion for summary disposition pursuant to MCR 2.116(C)(10) "tests the factual sufficiency of the complaint." *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). "In evaluating a motion for summary disposition brought under this subsection, a trial court

considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). Summary disposition is proper where there is no "genuine issue regarding any material fact." *Id*.

Plaintiff argues that the bona fide administrative exemption did not apply to him. We disagree.

Generally, under the FLSA, an employer is not permitted to work employees more than 40 hours per week without paying the employee a higher wage for the additional hours. See 29 USC 207(a)(1). Specifically, "[e]xcept as otherwise provided in this section, no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 USC 207(a)(1). The FLSA, however, provides certain exemptions to this requirement. See 29 USC 213(a)(1). Specifically, "any employee employed in a bona fide executive, administrative, or professional capacity," is not subject to the maximum hour requirements of 29 USC 207(a)(1) under FLSA. The term "bona fide administrative capacity" is defined in 29 CFR 541.200(a):

(a) The term "employee employed in a bona fide administrative capacity" in section 13(a)(1) of the Act shall mean any employee:

(1) Compensated on a salary or fee basis at a rate of not less than $455 per week . . . exclusive of board, lodging or other facilities;

(2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and

(3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

Plaintiff's training specialist position was salaried at $35,000 per year. It is undisputed on appeal that this salary fulfills the first prong of 29 CFR 541.200(a).

With regard to the second and third prong, defendant's company provides people to staff other companies' support telephone lines. In the relevant portion of plaintiff's history with defendant, plaintiff worked as a training specialist on the Netflix and Verizon West accounts. Plaintiff reported that his job was to train approximately 25 to 30 individuals in two-week sessions. During the first week, plaintiff would run a classroom under limited supervision. Plaintiff was required to follow the protocol and curriculum laid out by defendant and defendant's client (Netflix or Verizon West). He was not permitted to change that curriculum. Although plaintiff was permitted to suggest changes to the curriculum, and admitted doing so, he testified that his suggested changes were never accepted. As the class progressed in week one, plaintiff was permitted to speed up the given lessons depending on the level of understanding exhibited by the trainees in the class at the time. When the trainees left for the day, plaintiff would review their work. Plaintiff discussed with trainees any deficiencies in their work, and used his own creativity and judgment when determining how to properly encourage and critique

their performance.  Plaintiff's supervisor testified that plaintiff was permitted to discipline the trainees based on issues with the trainees' attendance and conduct.  That discipline, according to the supervisor, was determined solely by plaintiff.

During the second week, the trainees would then move into an on-the-job type training, where they would answer actual telephone calls, in a process defendant refers to as "nesting."  Plaintiff testified that his immediate supervisor was there every day during those nesting sessions.  Nevertheless, plaintiff was required to answer the questions that arose from any trainee.  Plaintiff testified that he did not have a script he read from and there was no way for plaintiff to prepare for every question that could possibly be asked.  Before the nesting session, plaintiff would provide the trainees with a pep talk, which plaintiff stated was not scripted, but during which he used his own personal stories and anecdotes.  After a given nesting session, plaintiff would then have a debriefing session with the trainees, discussing what went wrong and what did not and how to improve in the future.  After completing the entire two weeks, plaintiff would then make a recommendation to management regarding which trainees to keep and which to fire.  Plaintiff testified that his recommendations were usually followed.

Recall that prong two of the definition of "employee employed in a bona fide administrative capacity" requires that plaintiff's "primary duty" be "the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers."  29 CFR 541.200(a)(2).  Plaintiff argues that his work was not directly related to the management or general business operations of defendant's business.  "The phrase 'directly related to the management or general business operations' refers to the type of work performed by the employee."  29 CFR 541.201(a).  In other words, the position must be "directly related to assisting with the running or servicing of the business."  29 CFR 541.201(a).  As a distinguishing example, the regulations state that "working on a manufacturing production line or selling a product in a retail or service establishment" would not fulfill this prong.  29 CFR 541.201(a).  "Work directly related to management or general business operations includes, but is not limited to, work in functional areas such as . . . personnel management[.]"  29 CFR 541.201(b).

"Personnel management" is not defined in the FLSA or the CFR.  "Terms that are not defined in a statute must be given their plain and ordinary meanings, and it is appropriate to consult a dictionary for definitions."  *Anzaldua v Neogen Corp*, 292 Mich App 626, 632; 808 NW2d 804 (2011).  "Personnel," as defined in Black's Law Dictionary (10th Ed, 2014), means "[c]ollectively, the people who work in a company."  According to Black's Law Dictionary, "management" means "[t]he people in an organization who are vested with a certain amount of discretion and independent judgment in managing its affairs," or "[t]he act or system of controlling and making decisions for a business, department, etc."  Considering these terms together, someone working in "personnel management" must be "making decisions for a . . . department," regarding "the people who work in a company."

The facts show that plaintiff was in charge of a training group of approximately 25 to 30 people at a time, for which he made decisions on how fast the training should proceed, how to answer their individual questions, how best to encourage and motivate them, how to discipline them when they made errors, and ultimately who to recommend for hiring and firing.  By engaging in this personnel management under 29 CFR 541.201(b), plaintiff's position was

"directly related to assisting with the running or servicing of the business." 29 CFR 541.201(a). As such, pursuant to 29 CFR 541.201(a), the job was "directly related to the management or general business operations." Considering this, the second prong of 29 CFR 541.200(a) was properly determined to have been fulfilled.

Next, this Court must consider whether the third prong of the bona fide administrative exemption was fulfilled. This prong requires that plaintiff's "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 CFR 541.200(a)(3). "In general, the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered." 29 CFR 541.202(a). "The exercise of discretion and independent judgment implies that the employee has authority to make an independent choice, free from immediate direction or supervision." 29 CFR 541.202(c). "[T]he term 'discretion and independent judgment' does not require that the decisions made by an employee have a finality that goes with unlimited authority and a complete absence of review." 29 CFR 541.202(c). "The decisions made as a result of the exercise of discretion and independent judgment may consist of recommendations for action rather than the actual taking of action." 29 CFR 541.202(c).

It is true, as plaintiff notes, that plaintiff's recommendations on who to hire and fire were not final. Nevertheless, 29 CFR 541.202(c) specifically considers such a situation, and states that the lack of finality in a decision does not negate a finding of independent judgment. Furthermore, 29 CFR 541.202(c) states that an exercise of discretion "may consist of recommendations for action," rather than definitive and unreviewable actions. It is hard to imagine a more precise description of plaintiff's job description with regard to the hiring and firing of trainees. Plaintiff is permitted to make "recommendations for action," in that he can recommend who to hire and fire, but the "actual taking of action" lies with others. See 29 CFR 541.202(c). Additionally, plaintiff's supervisor testified that plaintiff was permitted to discipline trainees for errors regarding conduct and attendance without upper management approval. That action, according to the supervisor, was within plaintiff's discretion. So, not only was plaintiff permitted to make "recommendations for action," but he also did the "actual taking of action." 29 CFR 541.202(c).

As such, we must conclude that the trial court properly determined that plaintiff was exempt from the FLSA's overtime requirement. In so concluding, we also determine that plaintiff's claim was properly summarily disposed of pursuant to MCR 2.116(C)(10). See 29 USC 213(a)(1); 29 USC 207(a)(1).

Affirmed.


/s/ Deborah A. Servitto
/s/ Kurtis T. Wilder
/s/ Mark T. Boonstra

-4-